UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,

      Plaintiff,

v.

VINCENT LEONARD CELENTANO,

      Defendant.
_____/

Case No. 19-cr-20469
Hon. Matthew F. Leitman

## **AGREED PROTECTIVE ORDER**

Upon Motion of the Government, pursuant to Rule 16 of the Federal Rules of Criminal Procedure for a protective order which prohibits the disclosure of materials provided in discovery, and information contained therein, by defense counsel except for the purpose of the legal defense in the case captioned above, and which restricts the disclosure and use of materials by Defendant, it is hereby ORDERED, as follows:

1. With respect to all "Discovery Materials", or the information contained therein, disclosed by the government to defense counsel of record in this case, such defense counsel of record and their agents (members of defense counsels' offices who are directly engaged in assisting in the legal defense of this case, and other persons engaged by defense counsel of record for the purpose of

assisting in the legal defense of this case) may further disclose such materials to others ("potential witnesses"), or information contained therein, only for the purpose of the legal defense of the above-captioned case. Discovery Materials are defined as: tax returns and return information, as defined in 26 U.S.C. § 6103; financial records, as defined in 12 U.S.C. § 3401; grand jury transcripts; civil deposition transcripts; interview summaries; and any other documents and/or recordings containing personal identifying information such as names, dates of birth, addresses, bank accounts and/or routing numbers, and social security numbers of anyone other than Defendant Celentano.

2. Defense counsel of record may disclose Discovery Materials, or the information contained therein, to potential witnesses only for the purpose of the legal defense of this matter, provided that defense counsel have made a good faith determination that such disclosure is necessary to the proper preparation of the legal defense in this case. Copies of such materials, however, shall only be shown or played, and shall not be given, to such potential witnesses. In addition, defense counsel of record must redact any social security numbers, dates of birth, home addresses, names of minor children, and financial account numbers of third parties from the copies of materials shown to or played for such potential witnesses.

3. Prior to disclosing any Discovery Materials, or the information contained therein, to any potential witness, and/or Defendant as set forth in Paragraphs 1 and 2 of this Order, defense counsel of record shall fully explain the terms of this Order and obtain from each potential witness, and/or Defendant to whom such disclosure is made, an acknowledgment of the terms of this Order and their agreement to comply with its terms. Each potential witness to whom disclosure is made by defense counsel shall endorse a copy of the Acknowledgement, attached hereto as Exhibit 1, and defense counsel of record shall maintain such copies of endorsed Acknowledgements until the conclusion of this matter. In the event that a potential witness declines to endorse a copy of the Acknowledgement, defense counsel of record shall file notice with the Court that such a disclosure has been made and that the named potential witness has been informed of the content of the Order. Such filings shall be filed under seal and ex parte.

4. In the event there is reason to believe that an improper disclosure of Discovery Materials has been made, upon a showing by the Government to the Court of the same, the Government shall have access to the relevant endorsed copies of the endorsed Acknowledgement maintained by defense counsel of record under this Order.

5. No Defendant, nor any other person receiving from defense counsel of record, or their agents, Discovery Materials, or the information contained therein, that have been disclosed to defense counsel by the government in this case, is permitted to further disseminate or further disclose such Discovery Materials, or the information contained therein, for any purpose at any time.

6. This Order only extends to the disclosure of materials that were obtained through discovery productions, filings, proceedings, or by any other means related to the above-referenced matter and does not extend to materials that were obtained by means that are unrelated to the above-referenced matter.

/s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: December 2. 2019

APPROVED AS TO FORM AND ENTRY:     November 26, 2019

/s/ Mark McDonald
MARK MCDONALD (VA 72198)
ERIC C. SCHMALE (DC 1013508)
Trial Attorneys
U.S. Department of Justice, Tax Division
150 M Street, NE
Washington D.C. 20002
Phone: (202) 305-2672

Mark.S.McDonald@usdoj.gov

\_/s/ Walter J. Piszczatowski_____
Walter J. Piszczatowski (MI P27158)
*Attorney for Defendant Vincent Leonard Celentano*
Hertz Schram PC
1760 S Telegraph Rd Ste 300
Bloomfield Hills, MI 48302-0183
(866) 224-2545
wallyp@hertzschram.com

Exhibit 1

Acknowledgment

No person receiving Discovery Materials from defense counsel of record, or their agents, that have been disclosed to defense counsel by the government in this case, is permitted to further disseminate or further disclose such Discovery Materials, or the information contained therein, for any purpose at any time.

Date: _____          _____
                                        Witness

                                        _____
                                        Witness Name (Printed)